UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

---

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Patricia Kim | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15) AND DEFENDANT CCATT HOLDINGS LLC'S MOTION TO DISMISS (DKT. 24)**

## I.     Introduction

On August 17, 2022, Santa Paula Hay & Grain and Ranches ("Plaintiff") brought this unlawful detainer action in the Ventura Superior Court against CCATT Holdings and All Other Occupants of 212 North 12th Street, Santa Paula, California 93060, and DOES 1 to 25. Dkt. 1-1. On September 9, 2022, CCATT Holdings removed this action. Dkt. 1. On October 6, 2022, Plaintiff filed a First Amended Complaint ("FAC"), which named the following defendants: CCATT Holdings LLC; CCATT LLC; and All Other Occupants of 212 North 12th Street, Santa Paula, California 93060, and Does 1 to 10. Dkt. 10.

On October 6, 2022, Plaintiff filed a Motion to Remand ("Motion to Remand"). Dkt. 15. On November 1, 2022, Defendant CCATT Holdings, LLC filed a Motion to Dismiss ("Motion to Dismiss"). Dkt. 24. On December 29, 2022, Plaintiff filed a Notice of Dismissal as to CCAT Holdings LLC. Dkt. 31.

On December 30, 2022, CCAT LLC ("Defendant") filed an opposition to the Motion to Remand ("Opposition"). Dkt. 32. On January 5, 2023, Plaintiff filed a reply to the Opposition ("Reply"). Dkt. 33.

On January 20, 2023, the Motion to Remand and Motion to Dismiss (collectively, the "Motions") were taken under submission without a hearing pursuant to L.R. 7.15. Dkt. 34.

## II.     Factual Background

### A.     The Parties

It is alleged that Plaintiff is a California general partnership that owns the building at 212 North 12th Street, City of Santa Paula, California (the "Property"). Dkt. 10 at 3, ¶¶ 5, 7. It is alleged that CCATT LLC is a Delaware company that has possession of the Property. *Id.* ¶¶ 4, 6.

### B.     Allegations in the FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

It is alleged that on or about June 13, 1991, Oxnard Cellular Telephone Company, Plaintiff's predecessor in interest, "agreed to rent the premises as a other tenancy 5 years + 5 5 year renewal options [sic]." *Id.* ¶ 9(a)(1). It is alleged that the agreement was later changed with the rent increased to $1,525.27 per month. *Id.* ¶ 9(a)(3)(d). It is alleged that Defendant is in wrongful possession of the Property because its lease expired on July 31, 2022, but it has refused to vacate. *Id.* ¶¶ 11, 13.

### III.     Motion to Dismiss

The Motion to Dismiss seeks to dismiss CCATT Holdings from the action on the ground that it is not a proper party to the action. Because Plaintiff filed a Notice of Dismissal as to CCATT Holdings on December 29, 2022, the Motion to Dismiss is **MOOT**.

### IV.     Motion to Remand

#### A.     Legal Standards

##### 1.     Procedural Requirements for Removal

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Such a motion may be brought to challenge a "defect" in the removal, i.e., "a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

An action pending in state court must be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). All defendants must join in or consent to the removal of the action. *Id.* § 1446(b)(2)(A). Further, a notice of removal must be filed within thirty days of the defendant's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

##### 2.     Diversity Jurisdiction

In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). The amount in controversy is determined at the time of removal, meaning that it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez*, 372 F.3d at 1117. Rather, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.* The removing party may present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Matheson*, 319 F.3d at 1090).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

> B.    Application

It is undisputed that the parties are diverse in their citizenship. Plaintiff argues that that there is no jurisdiction, and that this action should be remanded, because the amount in controversy is less than the $75,000 threshold. Dkt. 15 at 4. Plaintiff does not state a total amount in controversy in either the Complaint or FAC. However, Plaintiff seeks the following relief in the FAC:

1. For possession of the premises located at 212 North 12th Street, Santa Paula, California 93060;
2. For forfeiture of the Exhibit 1 agreement and any and all leasehold and/or other rights relating to the subject real property;
3. For damages at the rate of $166.67 per day from August 1, 2022 for each day defendants remain in possession through entry of judgment
4. For statutory damages up to $600 for the conduct alleged in paragraph 13 hereinabove;
5. For interest at the legal rate of 10% per annum from August 1, 2022;
6. For Plaintiff's costs;
7. For Plaintiff's reasonable attorney fees; and
8. For such other and additional relief as the Court deems just and proper.

Dkt. 10 at 5.

The relief requested in the FAC is the same as that requested in the Complaint initially filed in the Ventura County Superior Court. *See* Dkt. 1-1 at 5.

Plaintiff contends that, as of the date scheduled for the hearing on the Motion, i.e., January 23, 2023,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

the holdover rent and statutory damages were approximately $29,400, not including attorney's fees and costs. Dkt. 33 at 5. Thus, based on the FAC alone, the amount in controversy may reasonably be calculated at an amount approximately $5200 more than $29,400, *i.e.*, $34,600, plus an undetermined amount of attorney's fees and costs, which collectively could not reasonably have been approximately $40,400, which would be the amount necessary to reach the $75,000 jurisdictional requirement.[1]

Defendant argues that the amount in controversy nonetheless exceeds $75,000. This argument is based on an email sent by Plaintiff's counsel during negotiations that occurred before this action was filed. Dkt. 1 ¶ 11. On July 28, 2022, Plaintiff's counsel sent an email to Defendant's counsel stating that Plaintiff

> has re-leased the property to Sierra Northern Railway, which is scheduled to break ground on Monday, August 1, 2022, on a railroad track spur into the property needed to continue its operations and meet its federal common carrier obligations to its surrounding freight customers. Thus, any holdover by your client will cause millions of dollars in damages to my client and to Sierra Northern Railway, all of which will be pursued in a lawsuit."

Dkt. 1-2, Ex. 1.

Defendant contends that this email is evidence that the amount of damages at issue in this action far exceeds $75,000. Dkt. 32 at 6-7. Presumably, the claimed alleged damages would result if Sierra Northern Railway cannot timely continue its operations due to Defendant's holdover at the property, and Sierra Northern then seeks relief from Plaintiff for such damages.

Plaintiff presents two principal bases as to why the statement in this email should not be considered in the calculation of the amount in controversy. *First*, Plaintiff has not actually sought such damages in this action. Dkt. 33 at 5. Plaintiff suggests that it would only need to bring such claims against Defendant for such damages if Defendant continues to hold over its tenancy, and if Sierra Northern Railway brings such claims against Plaintiff in a separate action. Plaintiff would then bring claims for indemnity and contribution against Defendant in that potential action. *Id.* at 6. *Second,* Plaintiff contends that the additional damages stated in the email could not be sought in this unlawful detainer proceeding, but only in a separate civil action. *Id.* at 4.

Defendant has not met its burden to prove by a preponderance of the evidence that the amount in controversy in this unlawful detainer proceeding exceeds $75,000. The only evidence proffered to show that the amount in controversy is greater than the threshold is the aforementioned email. Although this email provides some evidence that a holdover by Defendant may cause alleged damages to Plaintiff greater than $75,000, Plaintiff has not sought such damages in this unlawful detainer action. Because the amount in controversy is measured at the time of removal, Defendant may not satisfy the requirement by relying on the possibility that Plaintiff may later bring additional claims. *Chavez*, 888 F.3d at 415 (amount in controversy "determined by the complaint operative at the time of removal").

"An unlawful detainer action is founded upon unlawful occupation and the principal relief sought is early

---

[1]  The calculation of $34,600 of unpaid rent is made in light of the allegation that the daily amount of rent is $166.67, and that 31 days will have elapsed between January 23, 2023 and the date of this issuance of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

possession of the property; damages and rent are incidental thereto and are recoverable only because the statute so provides." *Vasey v. California Dance Co.*, 70 Cal. App. 3d 742, 748 (Ct. App. 1977). In any unlawful detainer action not based on the nonpayment of rent, "the only 'damages' recoverable are those occasioned by defendant's wrongful holding over (CCP § 1174(b))—meaning the reasonable rental value of the premises from the time of termination of the tenancy through the time that the tenant unlawfully detained (up until entry of the unlawful detainer judgment)." Rutter Group, California Practice Guide – Landlord-Tenant § 8:63 (emphasis omitted); *see also* Cal. Code Civ. Proc. § 1174(b); *see also Roberts*, 111 Cal. App. 2d at 569; *Hudec v. Robertson*, 210 Cal. App. 3d 1156, 1162 (Ct. App. 1989) ("[O]nly damages authorized by statute as being incidental to recovery of the premises are recoverable in these proceedings. . . The purpose of such actions is to expedite return of possession of real property wrongfully withheld or detained.").

Consistent with these principles, in this action, Plaintiff seeks only possession of the premises, damages at the rate of the daily rental value for each day that Defendant holds over after the termination of its lease, statutory damages of $600, and forfeiture of the lease (plus interest, costs, and attorney's fees). *See* Dkt. 10 at 5. Plaintiff does not allege in the FAC any of the additional, potential alleged damages stated in the email. Further, according to the email, such damages would arise only if Sierra Northern Railway, which is not a party to these proceedings, asserted claims in a separate action against Plaintiff. There is no action pending in which it has done so, and according to the parties here, there would not logically be such an action if Plaintiff regains possession of the property through this proceeding. Therefore, at the time of removal, such potential damages were not at issue.

Furthermore, the purpose of an unlawful detainer action is to permit a prompt resolution of a narrow issue*, i.e.,* what party has the right to possession of the property. That purpose would not be consistent with proceedings that would require substantial discovery and trial as to general damages like those identified in the email. Therefore, damages that may be recoverable in a breach of contract action that may follow an unlawful detainer proceeding, are not part of the amount in controversy as to the unlawful detainer action. *See Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal. App. 3d 1032, 1072 (Ct. App. 1987) ("Net profits may be an appropriate measure of damages in a breach of contract action . . . but it was error to import this standard into an unlawful detainer action and thereby supplant the standard of reasonable rental value."). Future damages that may accrue beyond the date of judgment are also ones that cannot be recovered in an unlawful detainer action. *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 195 Cal. App. 3d 1032, 1073 (Ct. App. 1987).

Defendant argues that the damages mentioned in the email may be pursued in this action because "the damages recoverable in [an unlawful detainer] . . . action are incidental to restitution of the premises." Dkt. 32 at 6 (quoting *Roberts*, 111 Cal. App. 2d at 569). It contends that the alleged, potential damages identified in the email are incidental to the possession of the property. However, California courts are clear that, in an unlawful detainer action, such incidental damages are measured by the reasonable rental value of the property during the unlawful holdover. *McFarland v. Carpenter*, 18 Cal. App. 2d 205, 210 (1936) ("The reasonable rental value of the property is a proper measure of damages, which is merely incidental to the suit for unlawful detainer.") (citing C.C.P. §§ 1166, 1174). Defendant argues that because at least one court has reduced a plaintiff's claimed damages where the plaintiff mitigated the damages by finding a new tenant after the defendant vacated, California law "considers the damages that occurred up to the point of trial, including the effect of new leaseholds on the alleged rental rate." Dkt. 32 at 6-7 (citing *Roberts*, 111 Cal. App. 2d). However, what Defendant has described

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-06471 JAK (KSx) | Date | February 23, 2023 |
|---|---|---|---|
| Title | Santa Paula Hay and Grain and Ranches v. CCATT Holdings LLC | | |

is how a determination of the amount of rental loss damages that may be awarded should be calculated. This case presents a dispute as to what rental loss damages would be due at the time of judgment.

For the foregoing reasons, Defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy in this action is more than $75,000. Therefore, there is no diversity jurisdiction.

**V.      Conclusion**

For the reasons stated in this Order, the Motion to Dismiss is **MOOT** and the Motion to Remand is **GRANTED**. This action is remanded to the Ventura County Superior Court. Case No. 56-2022-00569300-CU-UD-VTA, Hall of Justice.


                                                                    _____ : _____

                                        Initials of Preparer     pk